**PAHL & McCAY**
A Professional Law Corporation
**Stephen D. Pahl, Esq.** (State Bar No. 95900)
**Sonia S. Shah, Esq.** (State Bar No. 200709)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone: (408) 286-5100
Facsimile: (408) 286-5722
Email: spahl@pahl-mccay.com
sshah@pahl-mccay.com

Attorneys for Plaintiff
ALLANA BUICK & BERS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| ALLANA BUICK & BERS, a California corporation<br><br>v.<br><br>ARCHITECTURAL TESTING, INC., a Pennsylvania corporation doing business as ATI. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>[DEMAND FOR JURY TRIAL, FED. R. CIV. P 38(b), LOCAL RULE 3-6(a)] |

Comes now Plaintiff ALLANA BUICK & BERS, a California Corporation ("ABB"), and complains of Defendant ARCHITECTURAL TESTING, INC. and alleges as follows:

1. At all times relevant herein, ABB was, and is, a corporation authorized to do business within the State of California, with its principal place of business in the County of Santa Clara, California.

2. ABB is informed and believes and thereon alleges that at all times relevant herein, Defendant ARCHITECTURAL TESTING, INC. ("ATI") was, and is, a Pennsylvania corporation, and is licensed to do business in the State of California. ABB is further informed and believes that ATI has regional offices and/or laboratories in the cities of San Francisco, Santa Cruz, Fresno, and Los Angeles in the State of California and within this judicial district.

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT (Case No. )

## JURISDICTION

3. This Court has subject matter jurisdiction over ABB's claims for copyright infringement and related claims pursuant to 17 U.S.C. § 101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has supplemental jurisdiction over ABB's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to ABB's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

5. This Court has personal jurisdiction over ATI which, ABB is informed and believes, is licensed to do business in, has an agent for service of process in, and has multiple offices and/or laboratories in, California including the cities of San Francisco, Santa Cruz, Los Angeles, and Fresno, some of which are within this judicial district. Additionally, ABB's claims arise out of, amongst other things, ATI's conduct within this State that gives rise to personal jurisdiction over ATI.

## INTRADISTRICT ASSIGNMENT

6. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that, amongst other things, a substantial part of the events or omissions giving rise to the claims asserted occurred, and a substantial part of at least one of the properties that is the subject of the action is located, in this District. In particular, and as set forth below, ATI has infringed upon ABB's copyright ownership of design drawings to solicit and maintain clients within this judicial district and ABB's lost revenues have primarily occurred within this district and in the County of Santa Clara where ABB's principal place of business is located.

## GENERAL ALLEGATIONS

7. ABB re-alleges and incorporates into each and every foregoing paragraph of this Complaint as though fully set forth herein.

8. ABB is a leading architectural engineering firm specializing in exterior façade, roofing, waterproofing, building forensics, structural engineering, mechanical engineering, renewable/alternative energy, and energy efficiency consulting. ABB provides investigation,

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

#3274.009 -
10316117.DOCX.
1

2
COMPLAINT FOR COPYRIGHT INFRINGEMENT                                          (Case No. )

assessment, design, engineering, construction administration, testing and monitoring services for their projects. ABB has offices in California, Hawaii, Nevada, and Washington. Its staff includes registered Architects, licensed Civil, Structural, Mechanical and Electrical Engineers, building technologists, and other construction professionals.

9. ABB's success in the construction industry arises out of this unique expertise in the field of designing details relative to the exterior facade, roofing and waterproofing, and construction. This expertise gives ABB an advantage over its competitors that lack such experience and expertise. To protect its ownership interest in these unique design details, ABB typically does not agree to release ownership rights in the drawings to anyone, including its valuable clients.

10. In or about 2010, ABB was retained to prepare and create design drawings for a residential apartment complex commonly referred to as the Crescent Village Apartment Homes (hereinafter "Crescent Village"). The project is located in this district in the City of San Jose and will hereinafter be referred to as the Crescent Village Project.

11. ABB's contract for the design drawings was with McLarand Vasquez Emsiek & Partners, (hereinafter "MVE") and the builder/developer of Crescent Village, The Irvine Company (hereinafter "TIC").

12. ABB was to prepare drawings for three out of the five intended buildings at Crescent Village (Buildings 1 through 3). ABB was later informed by TIC that it planned to use ATI to prepare the drawings for Buildings 4 and 5.

13. At some point in late December 2012 or January 2013, ABB was notified that ATI had not only used ABB's Crescent Village drawings and details to complete Buildings 4 and 5 at Crescent Village; ATI was in fact using the drawings and details for other projects and clients without ABB's knowledge or consent. At no time did ATI inform ABB that it intended to copy or utilize the drawings ABB had prepared for Buildings 1 through 3. At no time did ABB authorize ATI to utilize ABB's Crescent Village drawings for any project.

14. ABB immediately contacted ATI asking its principals to explain their conduct and demanding that ATI cease and desist from using the ABB drawings and details. ABB was

COMPLAINT FOR COPYRIGHT INFRINGEMENT 3 (Case No. )

originally assured by ATI's principals that any scenario in which drawings originated by ABB had found their way into ATI's work was a mistake by one of their employees and would quickly be remedied. Following the assurance and with the good faith intention of resolving the issue without court intervention, ABB asked ATI to identify all the projects on which the ABB drawings and/or details had been used. ATI admitted to ABB that after using the drawings for the Crescent Village Project, ATI had incorporated the drawings and details into 14 (fourteen) other projects, three of which belonged to TIC, the remainder belonging to other clients. When ATI provided the list of projects, ABB realized the extent of the infringement and the substantial business it had lost to potential clients who were now using ATI to obtain ABB's expertise and designs.

15. When ABB raised this concern with ATI, the latter took the position that the drawings had been given to them for use on Buildings 4 and 5 of the Crescent Village Project by TIC because TIC now owned ABB's work product relative to that Project. ABB immediately brought to ATI's attention the fact that TIC did not, in fact, own ABB's work product and that the contract between ATI and TIC was intentionally modified to ensure that ABB continued to exclusively own its work product (drawings, designs, and details). ABB has confirmed with TIC that the latter did not give ATI permission to copy and use ABB's work product. Indeed, ABB is informed and believes that TIC paid ATI to prepare design drawings for Buildings 4 and 5 which monies rightfully belong to ABB since the drawings that ATI was eventually paid for and used were, in fact, ABB drawings and details.

16. ABB is informed and believes that eighty percent or more of its design and details from the Crescent Village Project were copied and utilized by ATI, without ABB's knowledge or consent, on other projects.

17. Admitting that ABB design drawings and details were used on 14 additional separate projects, ATI agreed to revise all design drawings and details on such other projects and replace them with its (ATI)'s own design drawings and details.

18. ABB requested ATI to forward the promised revised drawings to ABB to allow the latter to confirm that its work, design drawings and details were no longer being used by ATI.

COMPLAINT FOR COPYRIGHT INFRINGEMENT   (Case No. )

1. Upon receipt and review of the "revised" design drawings and details relative to one of the 14 projects, ABB was shocked to notice and realize that ATI's "revisions" consisted of having its own technician/drafts personnel verbatim copy the ABB design drawings and details either in their entirety or with minor changes, and simply name them/identify them as ATI details. In other words, ATI took the position that once ATI had its own employees/contractors draft the ABB design drawings and details and its own architect stamped the drawings, such design drawings details were now officially ATI's work product.

19. ABB asked ATI to forward to it the ABB design drawings and details that ATI had used on the thirteen (13) other projects and revisions of those drawings reflecting ATI's removal of the ABB design drawings and details from its drawings. ATI has refused and failed to comply with that request. ABB is therefore concerned, informed, and believes that ATI is continuing to use ABB's design drawings and details for its projects despite knowledge, acknowledgement, and admission of ABB's ownership interest in the design drawings and details.

20. ABB made a written demand to ATI that it cease and desist use of both the ABB drawings and the ATI drawings that are copied directly from the ABB drawings and stamped by ATI's architects. To date, ATI has failed and refused to cease using the infringing drawings.

### FIRST CLAIM FOR RELIEF

(Copyright Infringement)

19. ABB re-alleges and incorporates into this Claim for Relief each and every foregoing paragraph of this Complaint as though fully set forth herein.

20. ABB is the original creator and owner of particular design drawings specifically drafted with its own clients in mind. ABB is the owner of a valid copyright over these drawings. The drawings at issue have an application for registration pending with the United State Copyright Office. None of these drawings which were first created in 2011 for the Crescent Village Project have ever been published as that term is defined under Copyright Law and ABB has remained the sole owner of the copyright.

21. Plaintiff is informed and believes and thereon alleges that ATI, without ABB's knowledge, permission, or consent, has violated ABB's exclusive rights to its design drawings and

1  details by substantially copying and adopting the constituted elements of ABB's original work and
2  by publishing, reproducing, and distributing ABB's design drawings and details to its employees,
3  contractors, and/or clients.

4      22. Despite ABB's written notification of the infringement and repeated demands that
5  ATI cease and desist from the use of such copyrighted ABB design works, ABB is informed and
6  believes that ATI continues to utilize, publish, reproduce, and distribute such works by recreating
7  them under its own name in violation of the copyright, and has further engaged in unfair trade
8  practices and unfair competition in connection with its publication, distribution, and use of the
9  infringing drawings, thus causing irreparable damage.

10     23. ATI knew that its acts constitute copyright infringement.

11     24. ATI's conduct was willful within the meaning of the Copyright Act.

12     25. As a result of its wrongful conduct, ATI is liable to ABB for copyright
13 infringement pursuant to 17 U.S.C. § 501. ABB has suffered and will continue to suffer,
14 substantial losses and irreparable harm, including but not limited to damage to its business
15 reputation and goodwill and loss of valuable clientele who rely on ABB's expertise in the field to
16 draft the specific design drawings and details.

17     26. ABB is entitled to recover damages, which include its losses and any and all profits
18 ATI has made as a result of its wrongful conduct pursuant to 17 U.S.C. 504.

19     WHEREFORE, ABB prays for judgment against ATI as set forth in the Prayer for Relief
20 below.

### SECOND CLAIM FOR RELIEF

#### (Contributory Copyright Infringement)

23     27. ABB re-alleges and incorporates into this Claim for relief each and every foregoing
24 paragraph as though fully set forth herein.

25     28. ABB is informed and believes that as a result of the continuing use, copying and
26 recreation of ABB design drawings and details by ATI, and distribution of such details to its
27 employees, contractors, partners, and clients, numerous individuals and entities directly infringed
28 ABB's copyrighted works.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*3274.009 -
00316117.DOCX

29. ATI induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to reproduce and distribute ABB's works.

30. ATI had knowledge of the infringing acts relating to ABB's copyrighted works.

31. The acts and conduct of ATI, as alleged above in this Complaint, constitute contributory copyright infringement.

WHEREFORE, ABB prays for judgment against ATI as set forth in the Prayer for Relief below.

### THIRD CLAIM FOR RELIEF

### (Vicarious Copyright Infringement)

32. ABB re-alleges and incorporates into this Claim for Relief each and every foregoing paragraph as though fully set forth herein.

33. ABB is informed and believes that as a result of the continuing use, copying and recreation of ABB drawings and details by ATI, and distribution of such details to its employees, contractors, partners, and clients, numerous individuals and entities directly infringed ABB's copyrighted works.

34. ATI had the right, duty, and ability to control the infringing acts of the individuals or entities who directly infringed ABB's works.

35. ABB is informed and believes and thereon alleges that ATI obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed ABB's works.

36. The acts and conduct of ATI, as alleged above in this Complaint, constitute vicarious copyright infringement.

WHEREFORE, ABB prays for judgment against ATI as set forth in the Prayer for Relief below.

### FOURTH CLAIM FOR RELIEF

### (Violation of California Business And Professions Code Section 17200 et seq.)

37. ABB realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

Pahl & McCay
A Professional Corp
225 W Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*3274 009 -
00316117.DOCX

38. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

39. ATI has engaged in, and continues to engage in unlawful, unfair and fraudulent business practices in violation of Section 17200 of the California Business and Professions Code in that ATI has copied and used, for its professional and financial benefit, and without ABB's knowledge or consent, design drawings and details that are the copyrighted works of ABB. By doing so, ATI has unfairly secured and/or maintained clientele and enjoyed financial gain which otherwise would have gone to ABB.

40. ATI has further engaged in, and continues to engage in unlawful, unfair and fraudulent business practices in violation of Section 17200 of the California Business and Professions Code in that ATI has refused ABB's request that it cease and desist the use of ABB's drawings and details for its (ATI's) personal gain and benefit.

41. As a result of the actions of ATI, ABB has suffered damages.

WHEREFORE, ABB prays for judgment against ATI as set forth in the Prayer for Relief below.

## CORPORATE DISCLOSURE STATEMENT

### [Federal Rule of Civil Procedure 7.1]

Plaintiff ALLANA BUICK & BERS does not have any parent corporation and no publicly held corporation owns 10% or more of its stock.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALLANA BUICK & BERS prays for judgment against Defendant ARCHITECTURAL TESTING, INC. as follows:

a) For judgment against Defendant ATI that it has:

    (1) Willfully infringed ABB's rights in its copyrighted works under 17 U.S.C. § 501;

    (2) Otherwise injured the business reputation and business of ABB by its acts and conduct as set forth in this Complaint.

b) For injunctive relief against Defendant ATI; in other words, for preliminary injunction and permanent injunction enjoining and restraining ATI, its agents, representatives, members,

1 servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, from using, copying, reproducing, publishing, posting or making any other infringing use or infringing distribution of the drawings and details owned, authored, and created by ABB, and requiring ATI and everyone acting in concert with ATI, to return to ABB any and all ABB drawings and details in ATI's possession in whatever form and to destroy any and all ATI drawings and details that were copied from ABB's drawings and/or details.

c) For an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of ABB's drawings and details, whether recreated, reproduced and maintained by ATI under its own name or otherwise, which are in ATI's possession or under its control;

d) For an Order that ATI pay ABB's general, special, actual and statutory damages and its profits pursuant to 17 U.S.C. § 504(b) in an amount no less than $100,000;

e) For the imposition of a constructive trust on all monies and profits ATI has wrongfully obtained;

f) For statutory penalties, attorney's fees and costs of suit incurred herein;

g) For prejudgment and post-judgment interest, at the maximum legal rate, as provided by the Laws of California; and

h) For such other relief as the Court deems just and proper.

DATE: 9/23/13

PAHL & McCAY
A Professional Law Corporation

By: _____
Stephen D. Pahl

By: _____
Sonia S. Shah
Attorneys for Plaintiff
ALLANA BUICK & BERS

## DEMAND FOR JURY TRIAL

Plaintiff ALLANA, BUICK & BERS, hereby demands a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure.

DATE:

PAHL & McCAY
A Professional Law Corporation

By: _____
Stephen D. Pahl

By: _____
Sonia S. Shah
Attorneys for Plaintiff
ALLANA BUICK & BERS

Pahl & McCay
A Professional Corp
225 W Santa Clara
Suite 1500
San Jose, CA 95113
408) 286-5100

*3274.009 -
J0316117.DOCX.
1

COMPLAINT FOR COPYRIGHT INFRINGEMENT

10

(Case No. )